# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| HARRELL S. BRANNAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14CV60 JAR |
| | ) | |
| BRIDGETON POLICE DEPT., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the application of Harrell S. Brannan (registration no. 521763) for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee, and therefore, the motion will be granted, and plaintiff will be assessed an initial partial filing fee. See 28 U.S.C. § 1915(b)(1). Furthermore, the Court will grant plaintiff's motion to file an amended complaint, in accordance with the instructions set forth below.

### **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1) a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess

and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id*.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. See 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $384.25, and an average monthly account balance of $175.80. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $76.85, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim

upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992).

**The Complaint**

Plaintiff, an inmate at the Southeast Correctional Center ("SECC"), seeks monetary relief in this 42 U.S.C. § 1983 action against Bridgeton Police Department[1] and several of its police officers. Plaintiff alleges that defendants used excessive force against him in December of 2012 during the course of an arrest. In his complaint, however, plaintiff has failed to specifically name four of the officers he wishes to

---

[1] See, e.g., Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 82 (1992) (police departments are not suable entities because they are subdivision of city government).

bring the lawsuit against. By separate motion, plaintiff seeks leave to amend his complaint to properly name defendants.

Taking into consideration the fact that plaintiff is proceeding pro se and in forma pauperis, the Court will grant him time to file an amended complaint on a court form, setting forth the name of each of the alleged defendants and the capacity (i.e., official and/or individual) in which he is suing each of the named defendants. Moreover, because the Court is allowing plaintiff to amend his complaint, it will take no action as to the named defendants at this time.[2] Plaintiff is reminded that his amended complaint will supersede his original complaint and will be the only complaint this Court reviews. Thus, plaintiff must include in the "Caption" of the amended complaint the names of all defendants he wishes to sue in this action; in the "Statement of Claim," he must set out, in separate numbered paragraphs, specific facts against each named defendant, and he must state whether he is suing each defendant in his individual and/or official capacity; and in the "Relief" section, he must briefly

---

[2]"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits).

set out what he wants the Court to do for him. Plaintiff must also sign the amended complaint.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $76.85 within thirty (30) days from the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion to amend his complaint [Doc. #5] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint at this time.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint within thirty (30) days from the date of this Order, in accordance with the specific instructions set forth above.[3]

---

[3] For his amended complaint, plaintiff shall use the court-provided form for filing a complaint pursuant to 42 U.S.C. § 1983.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff the Court's form for filing a complaint pursuant to 42 U.S.C. § 1983.

**IT IS FURTHER ORDERED** that plaintiff's failure to amend his complaint in accordance with this Court's instructions will result in the dismissal of this action, without prejudice and without further notice to him.

Dated this 19th day of February, 2014.

JOHN A. ROSS  
UNITED STATES DISTRICT JUDGE