# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

HARRELL BRANNAN, )
 )
    Plaintiff, )
 )
v. ) No. 4:14CV60 JAR
 )
BRIDGETON POLICE DEPT., et al., )
 )
    Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court on review of plaintiff's amended complaint [Doc. #8] pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to review the complaint and dismiss it if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune to such relief.

Plaintiff, an inmate at Southeast Correctional Center ("SECC"), brings this action for violations of his civil rights pursuant to 42 U.S.C. § 1983. In his amended complaint, filed on March 3, 2014, plaintiff names as defendants the Bridgeton Police Department and Bridgeton Police Officers Dale Rowe and Kevin Force.[1] Plaintiff paid the full amount of the filing fee

---

[1] The Court notes that the docket still reflects two defendants named in plaintiff's prior complaint as active participants in this case: Kevin Lenhard and C. Dean. As neither of these defendants were named in plaintiff's

on March 4, 2014; thus, his amended complaint is subject to review under 28 U.S.C. § 1915A.

After reviewing the amended complaint, the Court has determined that the majority of the claims in the amended complaint should not be dismissed at this time. Indeed, plaintiff alleges that he was subjected to excessive force during the course of his arrest by Bridgeton Police Officers Dale Rowe and Kevin Force.[2] Plaintiff additionally claims that he was subjected to an unlawful arrest, without probable cause, in violation of the Fourth Amendment. He names both defendants in their individual capacities in his complaint. As stated, plaintiff's claims are sufficient to withstand review under 28 U.S.C. § 1915A.

However, plaintiff's claims against the Bridgeton Police Department are subject to dismissal because the police department is not a suable entity. Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such."); Catlett v. Jefferson County, 299 F. Supp. 2d 967, 968-69 (E.D. Mo. 2004).

---

amended complaint, the Clerk will be directed to terminate these defendants from the docket.

[2] Plaintiff's claims for excessive force during the course of his arrest arise from the Fourth Amendment, not the Eighth Amendment as stated in his complaint.

As a result, the Court will order defendants Rowe and Force to reply to plaintiff's claims against them in their individual capacities. The Court will, however, dismiss plaintiff's claims against the Bridgeton Police Department.

Plaintiff's motion for appointment of counsel, however, will be denied. There is no constitutional or statutory right to appointed counsel in a civil case. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors including (1) whether the plaintiff has presented non-frivolous allegations supporting his prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. See Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990); Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson, 728 F.2d at 1005.

After considering these factors, the Court believes that the facts and legal issues involved in this excessive force and unlawful arrest case are not so complicated that the appointment of counsel is warranted at this time.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall effectuate service of summons through the United States Marshal on defendants Rowe and Force. Because plaintiff was granted in forma pauperis status prior to paying the full filing fee, he is entitled to service by the United States Marshal in this action.

**IT IS FURTHER ORDERED** that upon service of summons, defendants Rowe and Force shall reply to plaintiff's claims against them within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS HEREBY ORDERED** that the Clerk of Court is directed to administratively terminate from the docket defendants Kevin Lenhard and C. Dean as they were not named in plaintiff's amended complaint.

**IT IS FURTHER ORDERED** that the Court will dismiss plaintiff's claims against the Bridgeton Police Department by separate Order of Partial Dismissal.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #9] is **DENIED**.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

Dated this 25th day of March, 2014.

*John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE