# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| HARRELL S. BRANNAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:14-CV-60-JAR |
| ) | |
| KEVIN FORCE, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Appoint Counsel. (Doc. No. 29) Defendants filed a memorandum in opposition to Plaintiff's motion. (Doc. No. 30) Plaintiff did not file a reply. The motion is, therefore, fully briefed and ready for disposition. For the following reasons, the motion will be denied without prejudice.

Plaintiff states that because he is incarcerated, he has been unable to obtain depositions to support his claims of excessive force and unlawful arrest. Plaintiff seeks deposition of: (1) the medical technician at DePaul Hospital who can testify as to the seriousness of his injuries; (2) the owner of the car wash who can testify to the accuracy of the video camera which showed that no one entered or exited the carwash stall while Plaintiff was inside; and (3) passenger Christopher M. Giaimo, who can testify that on the day of the arrest, no one entered the car wash stall and the officer did not identify himself. Plaintiff further states that appointed counsel is necessary to present evidence at trial and cross-examine witnesses.

The appointment of counsel for an indigent pro se plaintiff lies within the discretion of the Court, as there is no constitutional or statutory right to appointed counsel in civil cases.

1

Phillips v. Jasper County Jail, 437 F.3d 791, 794 (8th Cir.2006) (citation omitted). "When determining whether to appoint counsel for an indigent civil litigant, the district court considers relevant factors such as the complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony, and the ability of the indigent to present his claim." Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998) (citing Johnson v. Williams, 788 F.2d 1319, 1322–23 (8th Cir.1986)).

Upon consideration of these factors, the Court finds that appointment of counsel is not mandated at this time. The issues in this case are not complex and thus far Plaintiff has demonstrated he is able to articulate and present his claims. Plaintiff should be guided by the Federal Rules of Civil Procedure with respect to the discovery he wishes to pursue, in particular Rule 45 concerning the issuance of subpoenas. Although Plaintiff will not be able to take depositions by oral examination under Rule 30 because he is incarcerated, he may take depositions by written questions as authorized by Rule 31. He may also direct interrogatories, requests for production of documents, and requests for admissions to Defendants. Stockdale v. Stockdale, 2009 WL 4019504, at *1-2 (E.D.Mo. Nov. 18, 2009).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for appointment of counsel [29] is **DENIED** without prejudice.

Dated this 10th day of July, 2014.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE