UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| HARRELL S. BRANNAN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:14-CV-60-JAR |
| KEVIN FORCE, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Appoint Counsel (Doc. No. 34), Motion to Compel Production Discovery (Doc. No. 35), and Motion for Leave to Take Depositions by Written Question. (Doc. No. 38) Defendants filed memoranda in opposition to Plaintiff's motions to appoint counsel and compel production. (Doc. Nos. 36, 37) Plaintiff did not file a reply. No memorandum in opposition to Plaintiff's motion for leave to take depositions by written question was filed. The motions are, therefore, fully briefed and ready for disposition.

**Motion for appointment of counsel**

A review of the file indicates that Plaintiff first requested appointment of counsel on March 3, 2014. (Doc. No. 9) Plaintiff's request was considered in light of relevant factors, see Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990) and Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986), and denied on March 25, 2014. (Doc. No. 10) Plaintiff filed a second motion for appointment of counsel on June 2, 2014 stating that because he is incarcerated, he has been unable to obtain depositions to support his claims of excessive force and unlawful arrest. (Doc. No. 29) The Court instructed Plaintiff to be guided by the Federal

Rules of Civil Procedure with respect to the discovery he wishes to pursue and denied his motion without prejudice on July 10, 2014. (Doc. No. 31) In his current motion, Plaintiff again states he cannot perfect his discovery without assistance of counsel. The Court finds nothing in the record to cause it to reconsider its previous orders denying Plaintiff's motions for appointment of counsel. Plaintiff's contentions regarding the accuracy of video surveillance footage has no bearing on the complexity of this case. He admits to viewing the video and has demonstrated that he is able to articulate and present his claims. Accordingly, the motion for appointment of counsel will be denied without prejudice.

**Motion to compel**

In his motion, Plaintiff seeks the following production from Defendants:

**Production No. 1**: "Plaintiff seeks the medical technician name and records from DePaul Hospital, who treated him, to prove force to arrest was over excessive and violation of Eighth Amendment of U.S.C.A., cruel and unusual punishment."

**Production No. 2**: Plaintiff seeks deposition, or any and all statements made by defendants, which defendants intend to use as a defense in denying rise to plaintiff claims of no probable cause, illegal arrest, and use of excessive force."

**Production No. 3**: "Plaintiff seeks deposition or any and all statements made by owner of car wash in regards to the accuracy of the video camera, and any detailed information which defendants may have been apprised."

**Production No 4**: "Plaintiff seeks records of any [sic] all participants, which defendants intend to rely on in the event of trial, to dispute plaintiff claims, including any statements made by any other officer of the Bridgeton Police Department, or anyone else who will dispute plaintiff claims made to this Court."

**Production No. 5**: "Plaintiff seek a full report of defendants submitted reports to Parole Officer James Cashatt, in that these reports are coupled with false allegations which gave rise to violation, and such reports are needed to prove there was no probable cause for his arrest, which constituted the excessive force."

The usual method to acquire documents from a party defendant, to the extent such documents

exist, is to serve a request for production of documents on the party defendant pursuant to Federal Rule of Civil Procedure 34. If that defendant fails to respond or objects to the document production, and the plaintiff thinks that the defendant's failure to respond or objection is improper, *then* the plaintiff can file a motion to compel discovery pursuant to Rule 37. Forest v. Barnes Jewish Hosp., 2008 WL 957681, at *1 (E.D.Mo. Apr. 7, 2008) (citing Fisher v. Marubeni Cotton Corp., 526 F.2d 1338, 1341 (8th Cir.1975) ("If ... a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond ... the discovering party may move for an order compelling an answer ... or an order compelling inspection in accordance with the request....")).

Defendants argue Plaintiff's motion does not meet the criteria set forth in Rule 37(a) regarding the enforcement of discovery obligations in that it was filed without first requesting discovery pursuant to Rule 34 and should, therefore, be denied. Plaintiff's motion does not appear to be an actual motion to compel but rather a request for production directed at defendants.[1] Accordingly, Defendants will be directed to respond to Plaintiff's document requests and the motion to compel will be denied without prejudice.

**Motion for leave to take depositions by written questions**

Plaintiff seeks leave of Court, as required by Rule 31(a)(2)(B), to take Defendants' depositions on written questions. In support of his motion, Plaintiff asserts "there are questions he has that have gone unanswered by [D]efendants and the witnesses for [D]efendants" such that

---

[1] "Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." See Grace v. Hakala, 2012 WL 2190902, at *1 n.4 (E.D.Mo. Jun. 14, 2012) (quoting Castro v. United States, 540 U.S. 786, 791–92 (2003)).

he cannot properly defend himself. Plaintiff has not submitted any proposed deposition questions for Defendants.

The Court prefers that in obtaining discovery from other parties, pro se parties utilize interrogatories rather than depositions upon written questions, as there are procedural and logistical difficulties inherent in the Rule 31 mechanism which Plaintiff's motion does not take into account. For example, the deposition must be taken before an officer who is to place the witness under oath, record the witness' responses, either stenographically, by audiotape or videotape, make the transcript or recording available to the witness for review if requested, and then certify to Plaintiff that the witness was duly sworn and that the deposition is a true record of the testimony given by the witness. See Rule 31(b); Rule 30(c), (e) and (f); 7 James Wm. Moore, et al., *Moore's Federal Practice,* § 31.12 (3d ed.2009). Further, Plaintiff would be responsible for the costs associated with a deposition on written questions, and he has not indicated that he is willing or able to meet those costs. Stockdale v. Stockdale, 2009 WL 5103265, at *2 (E.D.Mo. Dec. 17, 2009). For these reasons, Plaintiff's motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for appointment of counsel [34] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Defendants shall file their responses and/or objections to Plaintiff's request for production of documents no later than **November 15, 2014.** Plaintiff's Motion to Compel Production Discovery [35] is **DENIED** without prejudice.

**IT IS FINALLY ORDERED** that Plaintiff's motion for leave to depose Defendants by written questions [38] is **DENIED**.

Dated this 16th day of October, 2014.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**